IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARTIN ZAKARIAN, and<br>MARY JONES, on behalf of themselves and<br>those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE RAWLINGS COMPANY LLC,<br>RAWLINGS FINANCIAL SERVICES, LLC,<br>and RAWLINGS & ASSOCIATES, PLLC,<br><br>    Defendants. | Case No.:<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiffs Martin Zakarian ("Mr. Zakarian") and Mary Jones ("Ms. Jones") (collectively, "Plaintiffs"), on behalf of themselves and those similarly situated, for their Class Action Complaint against Defendants The Rawlings Company LLC ("Rawlings Company"), Rawlings Financial Services, LLC ("Rawlings Financial"), and Rawlings & Associates, PLCC ("Rawlings & Associates") (collectively, "Defendants"), state as follows:

## PARTIES

1. Plaintiff Martin Zakarian is a citizen of the State of Kansas.

2. Plaintiff Mary Jones is a citizen of the State of Missouri.

3. Defendant The Rawlings Company LLC is a Kentucky formed limited liability company with its principal place of business in the State of Kentucky.

4. Defendant Rawlings Financial Services, LLC is a Kentucky formed limited liability company with its principal place of business in the State of Kentucky.

5. Defendant Rawlings & Associates, PLLC is a Kentucky-formed limited liability company with its principal place of business in the State of Kentucky.

6. Upon information and belief, one or more of the Defendants does business as "The Rawlings Group."

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this class action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Plaintiffs have brought this case as a class action; (b) the Classes proposed by Plaintiffs exceed 100 members each; (c) each of the proposed Classes contains at least one class member who is a citizen of a state different from the states where the Defendant is deemed to be a citizen; and (d) the amount in controversy on the claim exceeds the sum of $5,000,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over Defendants because a substantial portion of the acts and conduct of Defendants giving rise to the claims asserted in this class action occurred in the State of Missouri.

9. Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## CLASS DEFINITIONS

10. Plaintiff Mr. Zakarian bring this class action on behalf of himself and the proposed class consisting of:

> All Kansas citizens who settled any lawsuit, claim, or cause of action since January 1, 2021 and whom Defendants (or a Defendant) was the agent for Medicare.

("Kansas Class").

11. Plaintiff Ms. Jones bring this class action on behalf of herself and the proposed class consisting of:

All Missouri citizens who settled any lawsuit, claim, or cause of action since January 1, 2019 and whom Defendants (or a Defendant) was the agent for Medicare.

("Missouri Class").

## COMMON FACTUAL ALLEGATIONS

12. Mr. Zakarian is insured through Medicare.

13. Mr. Zakarian was injured while driving in the State of Kansas.

14. Mr. Zakarian filed a lawsuit in Jackson County, Missouri.

15. Mr. Zakarian settled his lawsuit.

16. Defendants asserted a Medicare lien on the proceeds of Mr. Zakarian's settlement.

17. Defendants' Medicare lien did not include an offset for the proportionate share of procurement costs.

18. Mr. Zakarian paid, under protest, the Medicare lien as calculated and demanded by Defendants.

19. Ms. Jones in insured through Medicare.

20. Ms. Jones was injured while driving in the State of Kansas.

21. Mr. Jones resolved her claims arising from the driving accident pre-suit.

22. Defendants asserted a Medicare lien on the proceeds of Ms. Jones's settlement.

23. Defendants' Medicare lien did not include an offset for the proportionate share of procurement costs.

24. Ms. Jones paid, under protest, the Medicare lien as calculated and demanded by Defendants.

25. Defendants, doing business as The Rawlings Group, holds itself out as a claims recovery vendor in the healthcare industry.

3

26. Defendants, doing business as The Rawlings Group, publicly claim that "Rawlings delivers more net revenue to your bottom line than what any other company can deliver."[1]

27. Defendants, doing business as The Rawlings Group, publicly claim that:

> The Rawlings Group is the nation's leading provider of Medicare and commercial COB identification and recovery services for the healthcare industry; **we recover more money for more health plans than any other vendor. This is an important fact**, proving our staff, processes, and technology combine to provide our clients with the industry leading identifications and recoveries related to Medicare and commercial COB overpayments.[2] [emphasis added]

28. Defendants, doing business as The Rawlings Group, are authorized to collect Medicare lien payments from the proceeds of legal settlements or judgments.

29. In doing so, Defendants have a pattern and practice of not factoring in "procurement costs" when calculating and collecting on Medicare liens.

30. Defendants pattern and practice of not factoring in "procurement costs" when calculating and collecting on Medicare liens directly and proximately caused substantial harm to Mr. Zakarian, Ms. Jones, and the members of the Kansas Class and the Missouri Class.

31. 42 CFR § 411.37 provides, in pertinent part, that:

> **(c)** *Medicare payments are less than the judgment or settlement amount.* If Medicare payments are less than the judgment or settlement amount, the recovery is computed as follows:
>   **(1)** Determine the ratio of the procurement costs to the total judgment or settlement payment.
>   **(2)** Apply the ratio to the Medicare payment. The product is the Medicare share of procurement costs.
>   **(3)** Subtract the Medicare share of procurement costs from the Medicare payments. The remainder is the Medicare recovery amount.
>
> **(d)** *Medicare payments equal or exceed the judgment or settlement amount.* If Medicare payments equal or exceed the judgment or settlement amount, the recovery amount is the total judgment or settlement payment minus the total procurement costs.

---

[1] https://www.rawlingsgroup.com/why-rawlings/, last visited January 17, 2024.
[2] https://www.rawlingsgroup.com/services/cob-recovery-services/, last visited March 27, 2024.

4

32. 42 CFR § 411.37 provides for the two methods of calculating the amount to be recovered on Medicare liens.

33. Defendants' employees or agents failed to comply with the provisions of 42 CFR § 411.37.

## **CLASS ALLEGATIONS**

34. The members of the Kansas Class and the Missouri Class, respectively, are so numerous that joinder of them is impracticable.

35. There are common questions of law or fact common to the Kansas Class and the Missouri Class, including:

   a. Whether Defendants have a pattern and practice of not factoring in "procurement costs" when calculating and collecting on Medicare liens.

   b. Whether Defendants' pattern and practice of not factoring in "procurement costs" when calculating and collecting on Medicare liens is a *per se* violation of 42 CFR § 411.37.

36. Plaintiffs' claims are typical of the claims of their respective classes.

37. Plaintiffs have retained counsel who is competent and experienced in class action litigation and will fairly and adequately protect the interests of the Kansas Class and the Missouri Class.

38. The questions of law or fact common the members of the Kansas Class and the Missouri Class predominate over any questions affecting only individual members of the Kansas Class and the Missouri Class.

39. A class action is superior to other available methods for fairly adjudicating this controversy.

## COUNT I – NEGLIGENCE *PER SE*

40. Plaintiffs restate and allege the foregoing allegations as if stated fully herein.

41. Defendants pattern and practice of not factoring in "procurement costs" when calculating and collecting on Medicare liens is a violation of 42 CFR § 411.37.

42. Plaintiffs and the members of the Kansas Class and the Missouri Class are all members of the class of persons intended to be protected by 42 CFR § 411.37.

43. The financial injury sustained by the failure to factor in "procurement costs" when calculating and collecting on Medicare liens is the kind of injury 42 CFR § 411.37 was designed to protect against.

44. Plaintiffs and the members of the Kansas Class and the Missouri Class sustained substantial injury as a direct and proximate cause of Defendants failure to factor in "procurements costs" when calculating and collecting on Medicare liens.

## COUNT II – BREACH OF CONTRACT

45. Plaintiffs restate and allege the foregoing allegations as if stated fully herein.

46. Plaintiffs and the members of the Kansas Class and the Missouri Class have entered into valid contracts with Medicare for the provision of healthcare insurance.

47. Defendants are contracted by Medicare as Medicare's agent in the provision of healthcare insurance to Plaintiffs and the members of the Kansas Class and the Missouri Class.

48. Defendants while acting as agents for Medicare breached the Plaintiffs and the members of the Kansas Class and the Missouri Class contracts by failing to factor in "procurements costs" when calculating and collecting on Medicare liens.

49. Plaintiffs and the members of the Kansas Class and the Missouri Class sustained substantial injury as a direct and proximate cause of Defendants failure to factor in "procurements costs" when calculating and collecting on Medicare liens.

## PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

A. An Order finding that the claims asserted by Plaintiffs on behalf of the Kansas Class and the Missouri Class be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), that Plaintiffs be appointed as Class Representatives for their respective Classes, and that Plaintiffs' attorneys be appointed as Class Counsel for the Kansas Class and the Missouri Class;

B. A judgment in favor of Plaintiffs, the Kansas Class, and the Missouri Class no their claims for negligence *per se* and breach of contract for the full amount of the proportionate share of procurement costs erroneously demanded by and paid to Defendants, plus applicable prejudgment interest;

C. An award of court costs; and

D. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury on all issues to triable.

Respectfully Submitted,

 */s/ Joseph A. Kronawitter*
Joseph A. Kronawitter    MO Bar No. 49280
Taylor P. Foye    MO Bar No. 71527
HORN AYLWARD & BANDY, LC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
jkronawitter@hab-law.com
tfoye@hab-law.com

-and-

Brian T. Meyers    MO Bar No. 32626
Brian C. McCart    MO Bar No. 70159
THE LAW OFFICES OF
BRIAN TIMOTHY MEYERS
1044 Main Street, Suite 400
Kansas City, Missouri 64105
Telephone: (816) 842-0006
Facsimile: (816) 842-6623
btmeyers@btm-law.com
bmccart@btm-law.com

**Attorneys for Plaintiffs**