# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| MARTIN ZAKARIAN, and MARY JONES, on behalf of themselves and those similarly situated, )<br><br>Plaintiffs, )<br><br>THE RAWLINGS COMPANY LLC, RAWLINGS FINANCIAL SERVICES, LLC and RAWLINGS & ASSOCIATES, PLLC, )<br><br>Defendants. ) | Case No. 4:24-cv-00229-SRB<br>Judge Stephen R. Bough |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND SUGGESTIONS IN SUPPORT

Defendants The Rawlings Company LLC, Rawlings Financial Services, LLC, and Rawlings & Associates, PLLC hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Class Action Complaint filed by Martin Zakarian and Mary Jones for failure to state a claim upon which relief may be granted. The grounds for this motion are set forth below, in the accompanying suggestions in support of this motion.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

FACTUAL ALLEGATIONS .................................................................................................... 2

LEGAL STANDARD ............................................................................................................. 3

LAW & ARGUMENT ........................................................................................................... 4

    I.     The Negligence Per Se Claim Fails Because Violations of 42 C.F.R. § 411.37 Cannot Support a Negligence Per Se Claim. .............................................. 4

         A.     This Case Involves Purely Economic Damages. ....................................... 5

         B.     There Is No Private Right of Action for Violations of the Settlement Recovery Regulation, and the Court Should Decline to Create One. ......... 6

    II.    The Breach of Contract Claim Fails Because Rawlings is Not a Party to Any Contract with Plaintiff. ........................................................................... 9

         A.     Rawlings is Not a Party to Any Contracts with Plaintiffs. ........................ 9

         B.     The Complaint Fails to Identify Any Contractual Provisions that Rawlings Breached. ................................................................................ 11

CONCLUSION .................................................................................................................... 13

CERTIFICATE OF SERVICE ................................................................................................. 15

Case 4:24-cv-00229-SRB    Document 9    Filed 06/21/24    Page 2 of 19

**TABLE OF AUTHORITIES**

<b>Page(s)</b>

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................3, 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).....................................................................................................4

*Bradley v. Ray*,
  904 S.W.2d 302 (Mo. App. W.D. 1995)......................................................................8

*Bunger v. Federated Ins. Co.*,
  No. 06-0335-CV-W-DGK, 2008 WL 11337966 (W.D. Mo. Oct. 2, 2008),
  *order clarified*, No. 06-0335-CV-W-DGK, 2008 WL 11337828 (W.D. Mo.
  Oct. 17, 2008) ............................................................................................................11

*Christenson Transp., Inc. v. Samsung Int'l Inc.*,
  No. 04-3538-CV-S-RED, 2005 WL 1356151 (W.D. Mo. June 7, 2005) ...............10

*Cisco v. Mullikin*,
  No. 4:11 CV 295 RWS, 2012 WL 1565240 (E.D. Mo. May 2, 2012) ..................6, 7

*E.E.O.C. v. Waffle House, Inc.*,
  534 U.S. 279 (2002).....................................................................................................9

*Futrell v. Lowe's*,
  No. 4:21-CV-392 RLW, 2022 WL 292961 (E.D. Mo. Feb. 1, 2022).....................9, 10, 12, 13

*In re Genetically Modified Rice Litig.*,
  666 F.Supp.2d 1004 (E.D. Mo. 2009), *adhered to on reconsideration*, No.
  4:06MD1811 CDP, 2011 WL 5024548 (E.D. Mo. Oct. 21, 2011)............................8

*Hamilton Music, Inc. v. Gordon A. Gundaker Real Estate Co., Inc.*,
  666 S.W.2d 840 (Mo. App. E.D. 1984) .....................................................................10

*iCARD Stored Value Solutions, L.L.C. v. West Suburban Bank*,
  No. 4:07–CV–1539 CAS, 2008 WL 619236 (E.D. Mo. March 3, 2008)................12

*Imperial Premium Fin., Inc. v. Northland Ins. Co.*,
  861 S.W.2d 596 (Mo. App. W.D. 1993)......................................................................8

*Lockett v. Pinnacle Entm't, Inc.*,
  408 F. Supp. 3d 1043 (W.D. Mo. 2019) ......................................................................4

*Lowdermilk v. Vescovo Bldg. & Realty Co., Inc.*,
  91 S.W.3d 617 (Mo. 2002) ................................................................................5

*Marvin's Midtown Chiropractic Clinic, LLC v. Am. Family Ins. Co.*,
  No. 4:17-CV-0996-DGK, 2018 WL 2326625 (W.D. Mo. May 22, 2018)....................4, 5, 6, 8

*Midwest Special Surgery, P.C. v. Anthem Ins. Companies*,
  No. 4:09CV646 TIA, 2010 WL 716105 (E.D. Mo. Feb. 24, 2010)..................................12, 13

*MNG 2005, Inc. v. Paymentech, LLC*,
  No. 4:18-CV-01155-JAR, 2019 WL 3531949 (E.D. Mo. Aug. 2, 2019), *on
  reconsideration,* No. 4:18-CV-01155-JAR, 2019 WL 5188997 (E.D. Mo. Oct.
  15, 2019) ....................................................................................................9, 10

*Sky Light Imaging Ltd. LLC v. Practecol, LLC*,
  No. 4:18CV02049 JCA, 2019 WL 2342672 (E.D. Mo. June 3, 2019)...................................11

*Stalley v. Catholic Health Initiatives*,
  509 F.3d 517 (8th Cir. 2007) ...........................................................................6, 7, 8

*Turner v. Wesslak*,
  453 S.W.3d 855 (Mo. Ct. App. 2014)...................................................................9

*Washington v. Washington*,
  605 F. App'x 716 (10th Cir. 2015) ....................................................................12

## Statutes and Other Authorities

42 U.S.C. § 1302.................................................................................................6

42 U.S.C. § 1395y(b)(2) .....................................................................................6

42 U.S.C. § 1395y(b)(2)(B)(iv) ..........................................................................7

42 U.S.C. § 1395y(b)(3)(A).................................................................................7

42 C.F.R. § 411.26.............................................................................................7

42 C.F.R. § 411.37 .........................................................................................3, 4, 7

<u>**INTRODUCTION**</u>

The Class Action Complaint (the "Complaint") filed by Plaintiffs Martin Zakarian and Mary Jones (together, "Plaintiffs") must be dismissed in its entirety because it fails to plead a cognizable cause of action against Defendants The Rawlings Company LLC, Rawlings Financial Services, LLC, and Rawlings & Associates, PLLC (collectively, "Rawlings" or "Defendants"). Both of Plaintiffs' claims are premised on Rawlings' alleged breach of a Medicare regulation in asserting Medicare recovery rights and seeking reimbursement from Plaintiffs for medical expenses paid on their behalf. Plaintiffs claim that Rawlings failed to properly account for certain "procurement costs" in connection with these recoveries. Both claims are baseless.

Plaintiffs' negligence per se claim fails because the Medicare regulation cited in the Complaint cannot serve as the foundation for such a claim. Causes of action for negligence per se typically arise from the alleged violation of safety statutes in cases involving personal injury or physical injury to property. Here, Plaintiffs do not allege any personal injury or physical injury to property. Instead, they allege purely economic injuries. Moreover, the regulation at issue does not relate to public safety. As such, it is not the proper basis of a negligence per se claim under Missouri law. More critically, there is no private right of action against Rawlings for alleged violations of this regulation. The regulation and its authorizing statute, the Medicare Secondary Payer Act ("MSP"), were intended to provide a private right of action to recover conditional Medicare payments against primary payers and entities or individuals that receive third party payments. This right of recovery continues to be referred to by many as a "Medicare lien". The purpose of the regulation and the MSP are to reduce the government's costs in administering Medicare where another party is responsible for the costs. Indeed, no court has recognized a

private right of action against Medicare or any of its agents under the regulation. Because no private right of action exists, Plaintiffs' negligence per se claim necessarily fails.

Plaintiffs' breach-of-contract claim is likewise without merit. The Complaint does not identify any contract between Rawlings and the Plaintiffs. While the Complaint does allege that "Plaintiffs . . . have entered into valid contracts with Medicare for the provision of healthcare insurance," Rawlings is not a party to these contracts. (Compl. ¶ 46.) And as a matter of Missouri law, Rawlings cannot breach a contract to which it is not a party. There are likewise no factual allegations in the Complaint suggesting that Rawlings may be held liable based on agency principles, or that Rawlings was even an agent of Medicare beyond conclusory assertions. This is fatal to Plaintiffs' breach-of-contract claim. But even if Rawlings could breach a contract to which it is not a party (it cannot), Plaintiffs have failed to adequately identify the contracts at issue or what contractual provisions were allegedly breached. Plaintiffs instead generically reference "valid contracts with Medicare" without identifying the specific contracts, the relevant parties, and what, if any, obligations Rawlings owed. Such threadbare, non-descript allegations are insufficient to state a claim for breach of contract.

Because both of Plaintiffs' claims fail as a matter of law, the Court should dismiss the Complaint in its entirety, with prejudice.

## **FACTUAL ALLEGATIONS**

Plaintiffs are covered by and receive benefits through Medicare.[1] Compl. ¶¶ 12, 19. Plaintiffs allegedly "have entered into valid contracts with Medicare for the provision of healthcare insurance." *Id*. ¶ 46. Rawlings is the nation's leading provider in Medicare recovery services and is authorized to collect Medicare lien payments from proceeds of legal settlements or judgments.

---

[1] For purposes of this Motion to Dismiss only, Rawlings accepts the factual allegations in the Complaint as true.

*Id*. ¶¶ 27-28.  The Complaint alleges that "Defendants are contracted by Medicare as Medicare's agent in the provision of healthcare insurance to Plaintiffs[.]"  *Id*.  ¶ 47.  Plaintiffs do not allege that they are parties to any contracts with Rawlings.  *See id*.

According to the Complaint, both Plaintiffs were injured while driving in the State of Kansas.  *Id*.  ¶¶ 13, 20.  Both of the Plaintiffs resolved their claims against the unidentified third parties.  *Id*.  ¶¶ 15, 21.  Plaintiffs allege that "Defendants asserted a Medicare lien on the proceeds of [Plaintiffs'] settlement."  *Id*.  ¶¶ 16, 22.  For both Medicare liens, Plaintiffs allege that Rawlings "did not include an offset for the proportionate share of procurement costs."  *Id*.  ¶¶ 17, 23.  Plaintiffs allegedly "paid, under protest, the Medicare lien as calculated and demanded by Defendants."  *Id*.  ¶¶ 18, 24.  Plaintiffs claim that the alleged failure to "include an offset for the proportionate share of procurement costs" was in violation of the two methodologies for calculating the amount of recoverable Medicare payments under 42 C.F.R. § 411.37 (the "Settlement Recovery Regulation").  *See id*.  ¶¶ 31-33.

Based on these allegations, Plaintiffs assert two causes of action against Rawlings: (1) Count I – Negligence Per Se; and (2) Breach of Contract.  Plaintiffs base their negligence per se claim on Defendants' alleged violation of the Settlement Recovery Regulation.  *Id*.  ¶¶ 40-44.  Plaintiffs' breach-of-contract claim is premised on Plaintiffs' contracts "with Medicare."  *Id*.  ¶¶ 45-49.  Plaintiffs assert claims on behalf of themselves and two putative classes: a "Kansas Class" and a "Missouri Class."  *Id*. ¶¶ 10, 11.

## **LEGAL STANDARD**

To satisfy Rule 8's pleading standard and survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This requires more than a "sheer possibility" of liability. *Id*. While Courts must accept all well-pleaded facts as true in considering a motion to dismiss under Rule 12(b)(6), courts are "not bound to accept as true a legal conclusion couched as a factual allegation" and such "labels and conclusions" are insufficient. *Lockett v. Pinnacle Entm't, Inc.*, 408 F. Supp. 3d 1043, 1046 (W.D. Mo. 2019). A Rule 12(b)(6) motion should be granted if the complaint fails to plead facts sufficient to state a claim "that is plausible on its face and would entitle the party to the relief requested." *Id.* at 1047 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## LAW & ARGUMENT

**I.      THE NEGLIGENCE PER SE CLAIM FAILS BECAUSE VIOLATIONS OF 42 C.F.R. § 411.37 CANNOT SUPPORT A NEGLIGENCE PER SE CLAIM.**

Plaintiffs' negligence per se claim fails as a matter of law because a violation of the Settlement Recovery Regulation on which the claim relies, 42 C.F.R. § 411.37, cannot support a negligence per se claim under Missouri law. The Court should therefore dismiss the claim.

To state a claim for negligence per se under Missouri law, a plaintiff must plead "(1) the defendant violated a statute or regulation; (2) the injured plaintiff was a member of the class of persons intended to be protected by the statute or regulation; (3) the injury complained of was the type the statute or regulation was designed to prevent; and (4) the violation of the statute or regulation was the proximate cause of the injury." *Marvin's Midtown Chiropractic Clinic, LLC v. Am. Family Ins. Co.,* No. 4:17-CV-0996-DGK, 2018 WL 2326625, at \*4 (W.D. Mo. May 22, 2018). "Before the Court can consider these elements, however, it 'must first examine the statute itself to determine if it is a statute on which negligence per se may be premised.'" *Id.* (quoting

4

*Lowdermilk v. Vescovo Bldg. & Realty Co., Inc.,* 91 S.W.3d 617, 628 (Mo. 2002)). As the *Marvin's* court explained:

> The doctrine of negligence per se has traditionally arisen in cases involving personal injury and physical injury to property. *Id*. **The Supreme Court of Missouri has declined to extend the negligence per se to cases "which involve damage to economic interests**." . . . "The test to determine whether a violation of a statute may constitute negligence per se depends on legislative intent." *Id.* A private right of action will not be implied "when it does not promote or accomplish the primary goals of the statute." [citation omitted].

*Marvin's*, 2018 WL 2326625, at *4 (emphasis added).

Chief Judge Kays' opinion in *Marvin's* is instructive. There, the plaintiff filed a class action against the defendant alleging a claim for negligence per se based on defendant's alleged violation of Mo. Rev. Stat. § 376.427. *Marvin's*, 2018 WL 2326625, at *4. In dismissing the negligence per se claim, Judge Kays, relying on Missouri Supreme Court authority, held that the statute "is not a statute on which negligence per se can be premised" for three reasons. *Id*. First, the case did not involve personal injury or physical injury to property, but concerned "purely financial damages," and the Missouri Supreme Court has declined to extend negligence per se to such cases. *Id*. Second, there is no evidence that the legislature intended to create a private right of action in purely economic damages cases, as there is nothing in the underlying statute that established a private right of action. *Id*. Third, Missouri law does not favor creation of a private right of action by the judiciary where no statutory right exists. *Id*. Plaintiffs' negligence per se claim fails for the same three reasons.

### A. This Case Involves Purely Economic Damages.

Plaintiffs' claims involve only financial damages. The crux of the Complaint is that Rawlings sought to enforce Medicare recovery rights and asserted Medicare liens on Plaintiffs' settlement proceeds in an amount that exceeded the recoverable amount under the regulation

because the Medicare liens "did not include an offset for the proportionate share of procurement costs." Compl. ¶¶ 17, 23. This case does not involve any personal injury or physical injury to property that traditionally forms the basis of negligence per se claims. *Marvin's*, 2018 WL 2326625, at *4. Courts consistently dismiss negligence per se claims involving purely economic injuries. *See id*; *see also Cisco v. Mullikin,* No. 4:11 CV 295 RWS, 2012 WL 1565240, at *1-2 (E.D. Mo. May 2, 2012) (dismissing negligence per se claim and noting that "[o]rdinarily, a cause of action for negligence per se arises from the violation of a safety statute in cases involving personal injury or physical injury to property."). And the regulation at issue is "not the type of safety statute upon which a *negligence per se* claim is traditionally based." *Mullikin*, 2012 WL 1565240, at *2 (emphasis in original).

**B.      There Is No Private Right of Action for Violations of the Settlement Recovery Regulation, and the Court Should Decline to Create One.**

Further, there is no private right of action for violations of the Settlement Recovery Regulation. The Settlement Recovery Regulation was promulgated to enforce the requirements of the MSP. *See* 42 U.S.C. §§ 1302, 1395y(b)(2). The MSP provides that when a third party is responsible for a Medicare enrollee's injuries and Medicare pays for the resulting medical treatment, the payment is conditional and repayment to Medicare is required. *Id*. § 1395y(b)(2)(B); *see also Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 523 (8th Cir. 2007) (stating that the MSP "provides generally that Medicare insurance is secondary to employer-provided group health insurance covering Medicare beneficiaries and that Medicare will not be liable for expenses which the private insurer ought to pay.").

The purpose of the MSP is ultimately to reduce the costs of Medicare by allowing Centers for Medicare & Medicaid Services ("CMS")—the federal agency tasked with administering the Medicare program—the ability to recoup payments when another party is responsible for some or

6

all of the costs covered by Medicare. *See Stalley*, 509 F.3d at 524 (noting that courts considering the private right of action under the MSP "have generally agreed that the apparent purpose of the statute is to help the government recover conditional payments from insurers or other primary payers" with the goal of "reduc[ing] government spending."). To that end the MSP provides CMS an automatic right of recovery (sometimes referred to as a Medicare lien) to recover the conditional payments directly from beneficiaries when they receive payments from a primary payer, such as through settlement. 42 U.S.C. § 1395y(b)(2)(B)(iv); 42 C.F.R. § 411.26. The Settlement Recovery Regulation merely sets forth the amount of Medicare recovery when payment is received as a result of a judgment or settlement. 42 C.F.R. § 411.37. It <u>does not</u> provide a private right of action against Medicare, CMS, or any of its purported agents. And the legislative intent behind the Settlement Recovery Regulation "was not to establish a statutory duty of care." *See Mullikin*, 2012 WL 1565240, at *2 (dismissing claim alleging violations of 49 C.F.R. § 376.12(c)).

To be sure, the MSP does recognize a limited private right of action for damages against "**a primary plan which fails to provide for primary payment** (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A) [of the statute]." 42 U.S.C. § 1395y(b)(3)(A) (emphasis and modification added). However, neither section 1395y(3)(A) nor any other subsection of the MSP provides a private right of action against Medicare, CMS, or any company with which Medicare or CMS contracts to recoup conditional payments. *See id.* Indeed, in discussing the private right of action under the MSP, the Eighth Circuit expressly stated that it provided a Medicare beneficiary with a private right of action "against an insurer or other primary payer that fails to pay the amount it owes on the insured's behalf." *Stalley*, 509 F.3d at 524. The ultimate purpose of this private right of action is to incentivize the beneficiary to take action so

7

that "the beneficiary can pay back the government for its outlay and still have money left over to reward him for his efforts." *Id.* at 525.

Notably, Rawlings is not aware of a single opinion—from a court within the Eighth Circuit or otherwise—that has found that the Settlement Recovery Regulation confers a private right of action against Medicare, CMS, or any entity acting on their behalf. Nor is there any indication in the legislative history to support such an action, which would ultimately frustrate the MSP's objective to reduce government spending. *See Stalley*, 509 F.3d at 524. And with a statutory private right of action lacking, the Court should decline to create one through judicial fiat. *See Marvin's,* 2018 WL 2326625, at *4 ("Missouri law does not favor the creation of private rights of action by the judiciary."); *Imperial Premium Fin., Inc. v. Northland Ins. Co.*, 861 S.W.2d 596, 599 (Mo. App. W.D. 1993) ("A private right will not be implied, nevertheless, when it does not promote or accomplish the primary goals of the statute.").

Without a private right of action for violations of the underlying Settlement Recovery Regulation, Plaintiffs' negligence per se claim cannot stand. Missouri courts have consistently held that a violation of a statute with no private of action does not amount to negligence per se. *In re Genetically Modified Rice Litig.,* 666 F.Supp.2d 1004, 1022 (E.D. Mo. 2009), *adhered to on reconsideration*, No. 4:06MD1811 CDP, 2011 WL 5024548 (E.D. Mo. Oct. 21, 2011) ("There is no evidence that Congress…intended to create strict liability or a private right of action for every violation."); *Bradley v. Ray*, 904 S.W.2d 302, 314 (Mo. App. W.D. 1995) ("Because this Court finds no private cause of action can be implied under the [ ]Act, ... the alleged breach of the Act also does not amount to negligence per se."); *Imperial Premium Fin.*, 861 S.W.2d at 599 (no cause of action for negligence per se—"the violation of a statute ... shown to be the proximate cause of

[ ]injury"—based on violation of a statute that creates no private cause of action).  The Court should therefore dismiss Plaintiffs' negligence per se claim.

## II.  THE BREACH OF CONTRACT CLAIM FAILS BECAUSE RAWLINGS IS NOT A PARTY TO ANY CONTRACT WITH PLAINTIFF.

Plaintiffs' breach of contract claim in Count II likewise fails as a matter of law because Plaintiffs do not—and cannot—identify a contract (much less any contractual provision) that Rawlings breached.  Plaintiffs' Complaint is deficient for two reasons, both of which are independently fatal to Plaintiffs' claim.

### A.  Rawlings is Not a Party to Any Contracts with Plaintiffs.

First, and most critically, the Complaint concedes that Rawlings is not a party to the underlying contract(s).  It is "a basic tenant of contract law that one not a party to a contract is not bound thereby and is not liable for breach of contract to which he is not a party." *Futrell v. Lowe's,* No. 4:21-CV-392 RLW, 2022 WL 292961, at *3 (E.D. Mo. Feb. 1, 2022) (citing *Turner v. Wesslak*, 453 S.W.3d 855, 858 (Mo. Ct. App. 2014)); *MNG 2005, Inc. v. Paymentech, LLC*, No. 4:18-CV-01155-JAR, 2019 WL 3531949, at *4 (E.D. Mo. Aug. 2, 2019), *on reconsideration,* No. 4:18-CV-01155-JAR, 2019 WL 5188997 (E.D. Mo. Oct. 15, 2019) (quoting *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002)) ("It goes without saying that a contract cannot bind a nonparty.").  In other words, a plaintiff cannot establish a breach of contract claim where the defendant is not a party to the underlying contract.  *See id*.

The only contracts identified in the Complaint are between Plaintiffs and "Medicare."  *See* Compl. ¶ 46 ("Plaintiffs and the members of the Kansas Class and the Missouri Class have entered into valid contracts **with Medicare** for the provision of healthcare insurance.") (emphasis added); *Id*. ¶ 47 ("Defendants are contracted by Medicare as Medicare's agent in the provision of healthcare insurance to Plaintiffs and the members of the Kansas Class and the Missouri Class.").

9

Plaintiffs do not allege that Rawlings is a signatory to their contracts with Medicare, that the contracts' terms identified Rawlings as a party, or that the contracts' terms otherwise imposed any obligations on Rawlings. *See* Compl. Because Rawlings is not a party to the underlying agreements, Plaintiffs cannot establish that Rawlings breached these agreements as a matter of law. *See Futrell*, 2022 WL 292961, at *3 ("Put another way, Plaintiff cannot establish that Defendant breached the terms of the Agreement because Defendant is not a party to the Agreement. This presents an insuperable bar to relief and dismissal of Plaintiff's breach-of-contract claim under Rule 12(b)(6) is appropriate."); *MNG 2005*, 2019 WL 3531949, at *4 ("Visa is not a party to the Merchant Agreement and therefore Plaintiff cannot hold Visa liable for breaching the Merchant Agreement.").

Indeed, the Complaint acknowledges the complete lack of contractual privity between Plaintiffs and Rawlings, alleging in conclusory fashion that Rawlings' alleged breach occurred "while acting as agents for Medicare." Compl. ¶ 48. The Complaint is, however, devoid of any factual allegations to support the existence of an agency relationship between any of the Defendants and Medicare. *Christenson Transp., Inc. v. Samsung Int'l Inc.*, No. 04-3538-CV-S-RED, 2005 WL 1356151, at *2 (W.D. Mo. June 7, 2005) (insufficient allegations of an agency relationship where plaintiff "simply alleged in a conclusory manner the agency relationship between the Defendants."). Conclusory allegations regarding the existence of an agency relationship do not enable Plaintiffs to manufacturer a breach of contract claim out of whole cloth.

Further, Plaintiffs do not allege that Rawlings entered into the agreements on behalf of Medicare or that Medicare was an "undisclosed principal" such that Rawlings may be liable under an agency theory. *See Hamilton Music, Inc. v. Gordon A. Gundaker Real Estate Co., Inc.*, 666 S.W.2d 840, 845 (Mo. App. E.D. 1984) ("A third party generally has no action against an agent in

a disclosed principal situation, since the contract is with the principal."); *Bunger v. Federated Ins. Co.,* No. 06-0335-CV-W-DGK, 2008 WL 11337966, at \*5 (W.D. Mo. Oct. 2, 2008), *order clarified*, No. 06-0335-CV-W-DGK, 2008 WL 11337828 (W.D. Mo. Oct. 17, 2008) (finding that Plaintiff's breach of contract claim fails under Missouri law against an individual who was not a party to the contract: "an agent for a disclosed principal is not a party to the contract and is not liable for its nonperformance."). Under Missouri law, agents are not liable for alleged breaches of the principal's contract. *Id.*; *see also Sky Light Imaging Ltd. LLC v. Practecol, LLC*, No. 4:18CV02049 JCA, 2019 WL 2342672 (E.D. Mo. June 3, 2019) (citation omitted) ("It is a 'well settled principle of the law of agency [that] the agent of a disclosed principal does not become a party to a contract, nor would the agent assume any of the principal's duties because of their role as an agent[.]'"). Thus, even if Rawlings was an agent for Medicare—a conclusion not supported by the Complaint's allegations—Plaintiffs fail to allege how Rawlings would be liable for breaching Plaintiffs' contracts with Medicare. The Court should therefore dismiss Plaintiffs' breach-of-contract claim.

**B.     The Complaint Fails to Identify Any Contractual Provisions that Rawlings Breached.**

Even if Rawlings could be liable for breach of contract between Plaintiffs and Medicare as a so-called "agent" of Medicare—and it cannot—the Complaint fails to identify what specific contracts or contractual provisions Rawlings allegedly breached.

To adequately plead a breach-of-contract claim under Missouri law, a plaintiff must show: "(1) the existence and terms of a contract; (2) Plaintiff performed or tendered performance pursuant to the contract; (3) Defendant breached the contract; and (4) Plaintiff suffered damages as a result."

*Futrell*, 2022 WL 292961, at \*2 (citations omitted).[2]  To satisfy this burden, a plaintiff must not only identify a contract that sets forth the defendant's obligations, but also a specific provision that the defendant allegedly breached.  *See id*. at \*2-3 (dismissing breach of contract claim where the plaintiff failed to allege what specific provisions of the contract prohibited the allegedly breaching conduct of the defendant).  Generic references to one or more agreements and vague allegations as to the terms of an alleged agreement are insufficient to survive dismissal.  *See Midwest Special Surgery, P.C. v. Anthem Ins. Companies*, No. 4:09CV646 TIA, 2010 WL 716105, at \*6 (E.D. Mo. Feb. 24, 2010) (citing *iCARD Stored Value Solutions, L.L.C. v. West Suburban Bank*, No. 4:07–CV–1539 CAS, 2008 WL 619236, at \*2 (E.D. Mo. March 3, 2008)) (dismissing claim against insurer where plaintiffs did not identify a contract imposing any duties on the defendant and only generically alluded to an agreement and made vague references to the "terms" of the alleged agreement).  The same requirement applies even when the alleged contract is not between the parties.  *See id*.  (dismissing plaintiffs' claim where they "nebulous[ly]" alleged they were "assignees to certain contracts between participants/members and the defendants" but failed to identify the relevant contracts).

Here, Plaintiffs fail to specifically identify the relevant contracts that were allegedly breached by Rawlings.  The Complaint instead generically references certain "valid contracts" between Plaintiffs and "Medicare" and vaguely alleges that "Defendants are contracted by Medicare as Medicare's agent."  Compl. ¶¶ 46-47.  But even if these threadbare allegations sufficiently identified the relevant underlying contracts that Rawlings allegedly breached (they do

---

[2] The elements are the same under Kansas law.  *See Washington v. Washington*, 605 F. App'x 716, 718 (10th Cir. 2015) ("To state a claim for breach of contract in Kansas, a plaintiff must plead '(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach.'").

not), they nevertheless fail to allege which specific contractual provisions were breached. In *Futrell*, the court found that a breach-of-contract claim failed where the plaintiff alleged that the defendant breached an agreement by allowing certain transactions and charging interest on such transactions but "faile[d] to allege a *specific* provision" in the contract prohibiting such actions, reasoning that "Plaintiff's claim fails because ***the Court cannot ascertain what Defendant's obligations were which Plaintiff claims were breached.***" 2022 WL 292961, at *2 (emphasis added).

Plaintiffs' allegations are even more sparse here, failing to identify *any* contract—with "Medicare" or otherwise—much less a specific contractual provision that Rawlings allegedly breached. In fact, based on the allegations in the Complaint, there is no way for the Court (or Rawlings) to ascertain what specific provisions of what specific contracts the alleged failure to properly calculate procurement costs breached. This pleading deficiency likewise warrants dismissal of Plaintiffs' breach-of-contract claim. *Futrell,* 2022 WL 292961, at *3; *Midwest Special Surgery, P.C.*, 2010 WL 716105, at *6.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss and dismiss Plaintiffs' Class Action Complaint in its entirety, with prejudice.

DATED: June 21, 2024

Respectfully Submitted,

*/s/ Traci L. Martinez*

Traci L. Martinez (MO Bar No. 67628), Trial Attorney
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215
Telephone: 614.365.2807
Email:  traci.martinez@squirepb.com

F. Maximilian Czernin (*pro hac vice application forthcoming*)
SQUIRE PATTON BOGGS (US) LLP
201 E 4th St #1900
Cincinnati, OH 45202
Telephone: 513.361.1200
Email:  max.czernin@squirepb.com

Shing C. Tse (*pro hac vice application forthcoming*)
SQUIRE PATTON BOGGS (US) LLP
600 Travis Street, Suite 6700
Houston, TX 77002
Telephone: 713.546.5850
Email:  shing.tse@squirepb.com

**Attorneys for Defendants**
**The Rawlings Company LLC,**
**Rawlings Financial Services, LLC, and**
**Rawlings & Associates, PLLC**

14

## **CERTIFICATE OF SERVICE**

I certify that on June 21, 2024, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Missouri, using the electronic case filing system of the court, which sent notification of such filing to all CM/ECF participants.

*/s/ Traci L. Martinez*
Traci L. Martinez

15